IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JAMES CARMICHAEL                                                                         PLAINTIFF
ADC #500214

v.                                         3:23-cv-00058-JM-JJV

MISSISSIPPI COUNTY JAIL, *et al.*                                                    DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

I.   DISCUSSION

In March 2023, James Carmichael ("Plaintiff") filed a *pro se* Complaint, under 42 U.S.C. § 1983, alleging he was being subjected to a variety of unconstitutional conditions and retaliated against at the Mississippi County Jail. (Doc. 2). On March 6, 2023, I entered an Order explaining several pleading deficiencies to Plaintiff, giving him the opportunity to file an Amended Complaint, and cautioning him an Amended Complaint would replace his original Complaint rendering it without any legal effect. (Doc. 3.) Soon thereafter, he was released from custody. (Doc. 13.) He then filed an Amended Complaint raising numerous factually and legally unrelated claims against eight Defendants. (Doc. 18.) For the following reasons, I recommend the

1

Amended Complaint be dismissed without prejudice.[1]

Plaintiff says that, from February 10 to 15, 2023, Defendant Lieutenant Matt McClain violated his constitutional rights by denying him yard call for five days. Because Plaintiff says he is in custody pursuant to a parole violation, his claims falls under the Eighth Amendment. *See Flores v. Mesenbourg*, Case No. 95-17241, 1997 WL 303277 (9th Cir. June 2, 1997) (because his original conviction was the authority under which the plaintiff was confined after his parole violation, his claims arose under the Eighth Amendment); *Dodd v. Lattimore*, No. 4:18-CV-487-JM-BD, 2018 WL 4346686, at *1 (E.D. Ark. Aug. 30, 2018) (same), *rec. adopted,* 2018 WL 4345255 (E.D. Ark. Sept. 11, 2018).  Only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis" of a viable Eighth Amendment claim.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).  Thus, a prisoner must provide facts suggesting: (1) objectively, the conditions he endured constituted a substantial risk of serious harm to his health or safety; and (2) subjectively, each defendant was deliberately indifferent to that risk of harm.  *Hamner v. Burls,* 937 F.3d 1171, 1178 (8th Cir. 2019).  Deliberate indifference is "a stringent standard of fault" that is much higher than negligence.  *Doe v. Flaherty*, 623 F.3d 577, 584 (8th Cir. 2010).  It requires "proof of a reckless disregard of the known risk."  *Scott v. Baldwin*, 720 F.3d 1034, 1036 (8th Cir. 2013).  Plaintiff has not provided any facts suggesting the denial of yard call for five days constituted a substantial risk of serious harm.  *See, e.g., Knight v. Armontrout*, 878 F.2d 1093, 1096 (8th Cir. 1989) (lack of outside exercise for thirteen days was not a constitution

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

violation). And he has not satisfied the second element, of establishing deliberate indifference, because he claims Defendant McClain said he would give him yard call when the "weather permits." (Doc. 18 at 5.) Thus, I conclude he has not pled a plausible conditions of confinement claim regarding the denial of yard call.

Plaintiff also says Defendant McClain violated his due process rights by transferring him from B to A pod. But prisoners do not have a constitutional right to be confined in the institution or cells of their choosing. *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Smith v. McKinney*, 954 F.3d 1075, 1080-81 (8th 2020). And Plaintiff says Defendant McClain transferred him and offered him protective custody because Plaintiff reported he had gotten into a heated argument with inmate Ray in A pod. It is clear Defendant McClain had a constitutional obligation to protect Plaintiff from potential harm by another prisoner. *Vandevender v. Sass*, 970 F.3d 972, 975 (8th Cir. 2020). Plaintiff believes instead of moving him to A pod, Defendant McClain should have investigated and disciplined Ray. However, Plaintiff did not have a constitutional right to demand an investigation. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Brown v. Frey,* 889 F.2d 159, 170-71 (8th Cir. 1989) Instead, it was within Defendant McClain's discretion to determine how to respond to Plaintiff's assertion he was in danger from Ray. Accordingly, I find Plaintiff has not pled a plausible claim against Defendant McClain.

Plaintiff also raises numerous unrelated claims such as: (1) inadequate cleaning supplies; (2) inadequate medical care for a cyst on his finger; (3) excessive force; (4) denial of dental care for a loose crown and fillings; (5) denial of mental health care; and (6) mold, improper ventilation, and a lack of cleaning supplies. But these factually and legally distinct claims against multiple defendants are not properly joined in one lawsuit. *See* Fed. R. Civ. P. 20(a)(2) (multiple defendants may be joined in one lawsuit only if the claims involve a "question of law or fact" that

is "common to all defendants"); *Pierce v. Homecomings Fin., LLC*, No. 1:17-cv-882-BKS-CFH, 2018 WL 2187384, at *5 (N.D.N.Y. Feb. 1, 2018) (a *pro se* litigant cannot throw a myriad of claims at the court to "see what sticks").  Accordingly, I recommend these unrelated claims be dismissed without prejudice as improperly joined so that Plaintiff may, if he so chooses, pursue them in separately filed lawsuits.  *See* Fed. R. Civ. P. 21 (a court may *sua sponte* "add or drop" an improperly joined party or claim); *Stephens v. Does*, 777 F. Appx. 176, 177 (8th Cir. Sept. 17, 2019) (unpublished opinion) (affirming dismissal without prejudice of unrelated claims); *Bailey v. Doe*; Case No. 11-2410, 2011 WL 5061542 (8th Cir. Oct. 26, 2011) (unpublished opinion) (affirming a trial court's decision to sever a prisoner's complaint into three separate actions and obligating him to pay three separate filing fees).

## II.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Amended Complaint (Doc. 18) be DISMISSED without prejudice, and this case be CLOSED.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

Dated this 2nd day of May 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE